ACCEPTED
04-15-00395-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/28/2015 10:11:21 AM
KEITH HOTTLE
CLERK

# NO. 04-15-00395-CR

## IN THE FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/28/2015 10:11:21 AM
KEITH E. HOTTLE
Clerk

STATE OF TEXAS,
Appellant,
V.

JAMES RAY JUNEK,
Appellee.

## MOTION TO DISMISS APPEAL
## FOR WANT OF JURISDICTION

DARREN LEE UMPHREY
Texas Bar No. 00792885
Attorney for Appellee James Ray Junek
246 W. San Antonio, Suite 201
New Braunfels, Texas 78130
(830) 627-3123- Phone
(830) 627-3122 - Fax

CAUSE NO. 04-15-00395-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE FOURTH |
| *Appellant* | § | |
| | § | COURT OF APPEALS |
| VS. | § | |
| | § | |
| JAMES RAY JUNEK | § | SAN ANTONIO, TEXAS |
| *Appellee* | § | |

## APPELLEE'S MOTION TO DISMISS APPEAL
## FOR WANT OF JURISDICTION

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES JAMES RAY JUNEK, Appellee, in the above entitled and numbered cause and moves the Court the grant this Motion to Dismiss Appeal for Want of Jurisdiction and in support of such motion shows:

### Background

On May 6, 2015, in the County Court at Law of Kerr County, Texas, the Appellee's Motion to Suppress was granted by the Honorable Susan Harris. On May 13, 2015 a Notice of Appeal was signed by Joseph A. Soane, III, Assistant Kerr County Attorney. Said document was filed for record on May 14, 2015 with the County Clerk of Kerr County, Texas. Assistant Prosecuting Attorney, Joseph A. Soane, III also filed an affidavit on May 14, 2015. The affidavit states:

> "My name is Joseph Soane, and I am the Assistant Kerr County
> Attorney for Kerr County, Texas, in the above styled and numbered

cause. I certify to the trial court that the appeal is not taken for purposes of delay and that the evidence is of substantial importance in the case."

This certification was signed by Joseph A. Soane, III. Mr. Soane is not the elected county attorney for Kerr County, Texas. The elected county attorney for Kerr County, Texas is Heather Stebbins. Nowhere in either the Notice of Appeal or certification does Ms. Stebbins name and/or her signature authorizing this specific appeal appear as required by Tex. Code Crim. Proc. Art. 44.01(i).

## The Jurisdictional Statute

Jurisdiction concerns the power of a court to hear and determine a case. Appellate jurisdiction is invoked by giving notice of appeal. The notice of appeal must be timely and must be in writing to invoke a court of appeals' jurisdiction. In addition, in State-prosecuted appeals, the failure of the elected prosecuting attorney, as opposed to an assistant to make the appeal is a jurisdictional defect.

Tex. Code Crim. Proc. Art. 44.01 sets forth the grounds upon which an appeal may be made by the State. Article 44.01 further provides that such an appeal is to be made by the Prosecuting Attorney. Specifically, Article 44.01(i) reads as follows, "in this article, 'prosecuting attorney', means the County Attorney, District Attorney or Criminal District Attorney who has the primary responsibility of prosecuting cases in the Court hearing the case and does not

include an Assistant Prosecuting Attorney" (emphasis added). *See State v. Muller* 829 S.W.2d 805,809 (Tex. Crim. App. 1992).

Both the Notice of Appeal and certification required by 44.01(a)(5) are clearly signed by Joseph A. Soane, III, Assistant Kerr County Attorney, who is not the "Prosecuting Attorney" as defined by Tex. Code Crim. Proc. Art. 44.01(i). Therefore, the appeal was never properly made.

Appellee would further show that since the appeal was not properly perfected and May 26, 2015 was the last day for said appeal to be perfected, the Court does not have jurisdiction of this matter. Additionally, since the time for perfecting the appeal has expired, the office of the County Attorney cannot correct the defect by filing an amended notice. Nothing in the Notice of Appeal or Affidavit, each signed by the "assistant" prosecuting attorney, hints in the least that the elected county attorney authorized this specific appeal. If there is no compliance within the twenty-day window, the window is thereafter closed. A defective notice of appeal is not susceptible to correction through application of 'amendment and cure' provision of the Texas Rules of Appellate Procedure. *See Muller,* 829 S.W.2d at 812.

The filing of a notice of appeal by an assistant prosecuting attorney is not a defect of appellate procedure; it is a failure to abide by the substantive statutory requirements of Tex.Code Crim.Proc. art. 44.01. *See Muller,* 829 S.W.2d at 812.

WHEREFORE, Appellee prays the Court grant this Motion and let the ruling of the Honorable Susan Harris stand by dismissing the appeal for want of jurisdiction. Appellee prays for such other and further relief to which he may show himself entitled.

Respectfully submitted,

Law Offices of Darren Lee Umphrey
246 W. San Antonio Street
Suite 201
New Braunfels, Texas 78130
Tel: (830) 627-3123
Fax: (830) 627-3122

By:_____
DARREN LEE UMPHREY
State Bar No. 00792885
Attorney for JAMES JUNEK,
  *Appellee*

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party by hand delivery, e-mail, FAX or certified mail at the last known address in accordance with the Texas Rules of Criminal Procedure on ___09 / 28_____, 2015.

_____
Darren Lee Umphrey
Attorney for JAMES RAY JUNEK,
*Appellee*